**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| CARL EDWARD WILLIS<br>ADC #134185 | PLAINTIFF |
| V.             5:07CV00032 SWW/JTR | |
| DALLAS CRAIG, JR.,<br>Mental Health Counselor, Cummins Unit,<br>Arkansas Department of Correction | DEFENDANT |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### I. Introduction

Plaintiff, who is currently incarcerated at the Ouachita River Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Dr. Dallas Craig, Jr., violated his constitutional right to adequate mental health care while Plaintiff was incarcerated at the Cummins Unit.[1] *See* docket entries #2, #11, and #12. Defendant has filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Supplement to the Statement of Undisputed Facts. *See* docket entries #64, #65, #66, and #79. Plaintiff has filed a Response, to which Defendant has filed a Reply. *See* docket entries #77 and #78. For the reasons set forth herein, the Court recommends that Defendant's Motion be granted, and that this case be dismissed, without prejudice, due to Plaintiff's failure to timely and properly exhaust

---

[1] All other claims and Defendants have previously been dismissed. *See* docket entries #13 and #15.

his administrative remedies.[2]

## II. Factual Allegations[3]

In July of 2006, Plaintiff was transported from the Cummins Unit to the Sebastian County Jail for trial on outstanding criminal charges. *See* docket entry #66, Ex. 1. On the day of his trial, Plaintiff attempted suicide. *Id.* Nevertheless, the case proceeded to trial. *Id.* Plaintiff was convicted and returned to the Cummins Unit on July 14, 2006. *Id.*

During the next two months, Plaintiff reported to sick call at the Cummins Unit on two occasions and informed nurses (who are *not* Defendants in this action) that he wanted mental health treatment. *Id.* The nurses told Plaintiff that they would make the necessary arrangements. *Id.* Nevertheless, Plaintiff did not receive any mental health care. *Id.* Upon his third appearance at sick call, Plaintiff learned that the proper way to seek mental health treatment was to place a Request for Interview Form in the mental health treatment box. *Id.*

On September 29 and 30, 2006, Plaintiff filed an informal resolution and Grievance CU06-00744 complaining that, for approximately two months, the nurses had given him improper

---

[2] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

[3] Unless otherwise stated, the factual allegations are undisputed.

information as to how to obtain mental health treatment.[4]  *See* docket entry #66, Exs. 2 through 4; docket entry #79, Ex. 2A.  In response, medical personnel (who are *not* Defendants in this action) advised Plaintiff that he needed to place a Request for Interview Form in the mental health box, and not report to sick call.  *See* docket entry #66, Exs. 2 through 4.  That decision was ultimately affirmed on final appeal to the ADC Deputy/Assistant Director.  *See* docket entry #66, Ex. 5.

Plaintiff contends that he placed a Request for Interview Form in the mental health treatment box on October 26, 2006, but he did not receive any treatment.[5]  *See* docket entry #71, Ex. 4.  Accordingly, on November 3, 2006, Plaintiff filed an informal resolution, alleging he had filed "three or more" Request for Interview Forms, but had not received any treatment.[6]  *See* docket entry #71, Ex. 3.  Importantly, Plaintiff has *failed* to produce *any* evidence demonstrating that he fully exhausted his administrative remedies by filing a grievance about this matter and then appealing the denial of that grievance through the level of the ADC Deputy Assistant Director.

It is undisputed that Defendant saw Plaintiff on November 8, 2006, for a mental health

---

[4] To fully and properly exhaust administrative remedies within the ADC, an inmate must: (1) file an informal resolution; (2) file a grievance if the informal resolution is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director.  *See* ADC Adm. Dir. 04-01 § IV(E) through (G) (February 1, 2004).

[5] Defendant asserts that Plaintiff *never* completed a Request for Interview Form for mental health treatment.  *See* docket entry #66.  Additionally, Defendant challenges the admissibility of this document, and Plaintiff's other supporting evidence.  *See* docket entries #66 and #78.  However, there is no need to resolve that dispute because, even if the Court considers this challenged document, Plaintiff has not exhausted his administrative remedies.

[6] In his November 3, 2006 informal resolution, Plaintiff states that he has filed "*three* or more" Request for Interview Forms.  *See* docket entry #71, Ex. 3.  However, Plaintiff has only provided the Court with *one* (October 26, 2006) Request for Interview Form that was filed prior to November 3, 2006.  *See* docket entry #71, Ex. 4.  The remaining Requests for Interview Forms that Plaintiff has provided to the Court were filed *after* November 3, 2006.  *See* docket entry #71, Exs. 6, 7, and 9.

evaluation.[7]  *See* docket entry #66.  After the interview, Defendant determined that Plaintiff wanted to discuss his prior criminal case and was not *currently* in need of any mental health treatment.[8]  *See* docket entry #66, Exs. 1, 6, and 7.  Defendant then instructed Plaintiff to file a Request for Interview Form if he needed mental health treatment in the future.  *Id.*

Defendant admits that a few weeks later, a barracks officer orally informed him that Plaintiff wanted to talk to him about his current mental health problems.  *See* docket entry #66, Ex. 6.  Defendant alleges that he instructed the barracks officer to inform Plaintiff to file a Request for Interview Form, which Plaintiff *never* did.  *Id.*  In contrast, Plaintiff contends that he submitted Requests for Interview Forms – which were specifically addressed to Defendant – on November 19, 2006, November 27, 2006, and December 1, 2006.  *See* docket entry #71, Exs. 1, 2, 6, 7, and 9.  However, according to Plaintiff, Defendant never responded to any of Plaintiff's requests for treatment after November 8, 2006.  *See* docket entries #71 and #77.

### III.  Discussion

Construing Plaintiff's Complaints liberally, it appears that he is alleging that Defendant failed to provide him with constitutionally adequate mental health care when he:  (1) delayed approximately four-months (July 14, 2006, to November 8, 2006) in responding to Plaintiff's requests for mental health care; (2) determined, during the November 8, 2006 evaluation, that

---

[7] Plaintiff contends that Defendant saw him in response to his October 26, 2006 Request for Interview Form and November 3, 2006 informal resolution. *See* docket entries #71 at Exs. 3 and 4 and #77.  In contrast, Defendant claims he *never* received a Request for Interview Form from Plaintiff, and instead, he saw Plaintiff on November 8, 2006, in response to an oral report from a barracks officer that Plaintiff wanted to see him.  *See* docket entry #66, Ex. 6.

[8] Plaintiff challenges Defendant Craig's assessment and contends that he did, and currently does, need mental health treatment.  *See* docket entries #71 and #77.

Plaintiff did not currently need mental health care; and (3) denied Plaintiff's subsequent requests for mental health care. *See* docket entries #2, #11, and #12. Defendant argues, among other things, that he is entitled to summary judgment because Plaintiff has failed to timely and properly exhaust his administrative remedies. *See* docket entries #64, #66, and #67. This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 127 S. Ct. 910, 923 (2007);[9] *see also Woodford v. Ngo*, 126 S. Ct. 2378, 2385-87 (2006). Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to: (1) *fully* and *properly* exhaust their administrative remedies as to *each claim* mentioned in the complaint;[10] and (2) complete the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

**A.     Grievance CU 06-00744**

It is undisputed that Plaintiff completed the prison grievance process by appealing the denial

---

[9] In *Jones,* 127 S. Ct. at 918-19, the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

[10] The Supreme Court has clarified that a prisoner must fully and properly comply with the particular prison's procedural requirements, such as naming each person involved in the grieved matter. *See Jones*, 127 S. Ct. at 922-23 (2007); *Woodford,* 126 S. Ct. at 2385-87.

of grievance CU 06-00744 to the ADC Deputy/Assistant Director. However, in Grievance CU 06-00744, Plaintiff complained that nurses, *who are not defendants in this action,* failed to provide him proper instructions as to how to obtain mental health care. Importantly, that grievance did *not*, in anyway: (1) mention Defendant;[11] (2) allege that Defendant knew of and ignored Plaintiff's requests for care; or (3) contend that Defendant provided him with inadequate medical care on or after November 8, 2006. Thus, Grievance CU 06-00744 did exhaust the claims Plaintiff has raised in this case.

**B.    November 3, 2006 Informal Resolution**

On November 3, 2006, Plaintiff filed a second informal resolution. *See* docket entry #71, at Ex. 3. In that document, Plaintiff claimed that he had not received any mental health treatment even though he had properly filed "three or more" Request for Interview Forms. *Id.* Once again, Plaintiff *did not* mention Defendant, as required by prison policy. Furthermore, Plaintiff did not fully exhaust his administrative remedies by following the informal resolution with a formal grievance and appealing any denial to the ADC Deputy Director.

Finally, Plaintiff has not presented *any* evidence demonstrating that he *ever* filed any grievances regarding Defendant's November 8, 2006 evaluation or Defendant's alleged failure to respond to Plaintiff's subsequent requests for mental health treatment. Accordingly, the Court concludes that this case should be dismissed, without prejudice, because Plaintiff has failed to exhaust his administrative remedies.

---

[11] As previously mentioned, a prisoner must comply with the prison's grievance procedures. *See Jones,* 127 S. Ct. at 922-23. Nevertheless, Plaintiff did *not* mention Defendant as clearly required by the informal resolution form, grievance forms, and ADC policy. *See* docket entry #66, Ex. 3 and 10; docket entry #79, Ex. 2A.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.　Defendant's Motion for Summary Judgment (docket entry #64) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly exhaust his administrative remedies.

2.　The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 16th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE